RECEIVED
IN ALEXANDRIA, LA
JAN 09 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CARLOS RAY ARMSTRONG, <br> Petitioner <br><br> VERSUS <br><br> WARDEN, LOUISIANA STATE <br> PENITENTIARY, <br> Respondent | CIVIL ACTION <br> SECTION "P" <br> NO. CV04-2016-M <br><br><br> JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by petitioner Carlos Ray Armstrong ("Armstrong") on September 30, 2004. Armstrong is attacking his 1998 conviction and sentence, by a jury in the Third Judicial District Court in Lincoln Parish, Louisiana, for second degree murder; Armstrong was sentenced to life imprisonment. Armstrong raises ten grounds for habeas relief. Armstrong is presently confined in the Louisiana State Penitentiary in Angola, Louisiana.

Armstrong's petition was dismissed by the district court as untimely, based on the amount of time that expired untolled between the date the Louisiana Supreme Court denied Armstrong's application for writs on post-conviction relief on September 5, 2003, and the date he filed his Section 2254 petition in this court, September 30, 2004. On appeal by Armstrong, the U.S. Fifth Circuit Court of Appeals remanded the case for this court to determine whether Armstrong received timely notice from the Louisiana Supreme Court

of the denial of his writ application on post-conviction relief. This matter was referred to the undersigned Magistrate Judge.

On remand, it was noted by this court that Armstrong's conviction became final on July 7, 2000 (Doc. Item 30). Therefore, pursuant to the one year limitation period set forth in 28 U.S.C. § 2244, Armstrong had until July 7, 2001, to file his petition for writ of habeas corpus pursuant to Section 2254, unless the running of the one year limitation period was tolled. Although Armstrong contended the one year limitation period was tolled by his application for post-conviction relief, he did not show when he filed that application. Pursuant to an order of this court, the Respondent provided this court with a file-stamped copy of Armstrong's application for post-conviction relief in the Louisiana 3rd Judicial District Court, dated April 3, 2002 (Doc. Item 38).

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), effective April 24, 1996, provides a one year period of limitation for filing applications for habeas relief at 28 U.S.C. § 2244(d)(1), as set forth below in pertinent part:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The Fifth Circuit has held that the one year limitation period may be tolled for any time during which a properly filed application for post-conviction relief is pending. Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). Also, Melancon v. Kaylo, 259 F.3d 401, 404-405 (5th Cir. 2001); Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000).

Armstrong's conviction became final on July 7, 2000 (See Memo. Order, Doc. Item 30). Therefore, pursuant to the one year limitation period set forth in 28 U.S.C. § 2244, Armstrong had until July 7, 2001, to file his petition for writ of habeas corpus pursuant to Section 2254, unless the running of the one year limitation period was tolled. Armstrong contends his application for post-conviction relief tolled the one year period. However, Armstrong did not file his application for post-conviction relief in the state district court until April 3, 2002 (Doc. Item 38).

Since more than one year expired, untolled, between the time when Armstrong's conviction became final on July 7, 2000, and the

3

time when Armstrong filed his first application for state post-conviction relief on April 3, 2002, Armstrong clearly exceeded his one year limitation period for filing his habeas petition. Therefore, Armstrong's habeas petition should be dismissed as time-barred.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Armstrong's petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this \_\_\_\_ day of January, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE